UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br> v.<br><br>TRISTAN JAMES FILLBACK,<br><br>       Defendant. | CASE NO. 3:21-cr-05403-DGE-1<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 6) |

  Before the Court is Defendant Tristan Fillback's Motion for Early Termination of Supervised Release (Dkt. No. 6).

  Fillback was sentenced to 60 months imprisonment and 15 years of supervised release for one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). (Dkt. 2-2.) Fillback's supervised release term commenced on December 31, 2019 and is set to expire on December 30, 2034. (Dkt. No. 8 at 1.)

  United States Probation and Pretrial Services identifies that Fillback is a "Low Moderate/1 risk to reoffend." (*Id*.) Probation reports:

Fillback has remained in compliance with his ordered conditions. Additionally he has been communicative, has been available for supervision, has maintained stable full-time employment, successfully completed sex offender treatment programming, had earned a suspension of his computer monitoring, and had maintained a stable residence with his other. Mr. Fillback appears to be family oriented, is a dedicated employee to his respective employer, is amenable to continued positive progress, and has overall maintained compliance.

(*Id*.) Notwithstanding, Probation is unable to endorse Fillback's early termination because Fillback has completed only thirty percent of his term of supervised release and because of Fillback's sex offender status. (*Id.* at 2.)

The Government opposes early termination asserting that "compliance [with the term of supervised release] is not sufficient to warrant early termination." (Dkt. No. 9 at 1.) The Government argues early termination is premature and that supervision "continues to serve an important rehabilitative function in this case." (*Id*.) The Government notes that in this case supervision provides Fillback "structure and support that will assist him in reintegrating himself into society" and that it serves to "protect the public by assuring that individuals who have committed crimes are supervised, rather than being afforded the opportunity to return to crime." (*Id*. at 3.) The Government notes that "Fillback committed an extraordinarily serious crime." (*Id*.)

Fillback has successfully completed the required sex offender treatment between March 2020 and March 2022. (Dkt. No. 6-2 at 2.) Fillback "fully participated in the treatment process, completed all assigned work, attended his individual therapy sessions regularly, and took responsibility for the charged offense." (*Id*.) Importantly, the treatment provider's risk assessment evaluation, which is a "statistically-derived dynamic measure designed to aid clinicians in assessing risk, treatment and supervision needs," identified that Fillback "scored a 'minimal or no need for improvement' in 16 of the 16 risk factors." (*Id.* at 4.) Based on

ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 6) - 2

Fillback's treatment participation and completion, Fillback's treatment provider "do[es] not feel there is a need for Mr. Fillback's continued probation" and "support[s] Mr. Fillback's petition to be relieved of his obligation." (*Id*.)

It also is unchallenged that Fillback has maintained a stable residence, is employed and in good standing with his employer, and that he has a support system in place. (*See* Dkt. Nos. 6 at 4–7; 6-3; 6-4.) Fillback also has earned an Associates Degree through Adams State University. (Dkt. No. 6-1.) It also has been two years since Fillback's active computer monitoring requirement was suspended (Dkt. No. 3), and there have not been any reported negative actions or conduct since that suspension.

Undoubtedly, the Government is focused on Fillback's criminal conviction in opposing Fillback's request, and such conviction likely is the obstacle preventing Probation from endorsing early termination in this case. The Court acknowledges that structure plays an important role in an offender's successful reintegration into society. But where an offender has shown they have successfully reintegrated into society by completing treatment, by maintaining stable housing, by maintaining a support network, and by advancing themself through education and stable employment, it is difficult to conclude continued supervision is necessary to advance reintegration into society. And while there is always a risk an offender may reoffend, where the evidence leads to the conclusion that the risk is minimal, together with evidence that the offender has met all goals of supervision, maintaining supervision no longer appears to serve a purpose.

The Court has authority to terminate supervised release "at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Having considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court is satisfied that early termination of supervised release is warranted by Fillback's

conduct and that termination is in the interest of justice.  Accordingly, Fillback's Motion for Early Termination of Supervised Release (Dkt. No. 6) is GRANTED.  Fillback's term of supervised release is terminated, effective immediately.

The Clerk of the Court is directed to send copies of this order to all counsel of record, and to the United States Probation Office.

Dated this 12th day of August, 2024.

David G. Estudillo
United States District Judge